UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARAGE DOOR SYSTEMS, LLC D/B/A OVERHEAD DOOR COMPANY OF INDIANAPOLIS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-cv-02223-JMS-KMB |
| BLUE GIANT EQUIPMENT CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

Presently pending before the Court is Defendant Blue Giant Equipment Corporation's ("Blue Giant") Motion to Stay Discovery. [Dkt. 22.] Blue Giant argues that all discovery in this case should be stayed until the Court rules on its Motion to Dismiss, [dkt. 16], in which it argues that a binding arbitration provision between the Parties requires that this action be dismissed. For the reasons explained below, the Motion to Stay Discovery is **GRANTED**, [dkt. 22], and all discovery is **STAYED** pending resolution of the Defendant's Motion to Dismiss, [dkt. 16].

### I. BACKGROUND

On February 16, 2024, Blue Giant filed a Motion to Dismiss this case based on an alleged binding arbitration agreement between the Parties. [Dkt. 16.] The Court held an Initial Pretrial Conference on March 12, 2024, where at the end of the lengthy conference, Blue Giant objected to setting discovery-related case management deadlines at all. [Dkt. 26.] Plaintiff Garage Door Systems, LLC ("Garage Door Systems") opposed Blue Giant's position and asked that case management deadlines be set. The Court "overruled any objection to setting case management deadlines at that time, without prejudice to [Blue Giant] filing a motion that will be briefed and considered in due course." [*Id.*] On March 13, 2024, Blue Giant moved to stay discovery pending

the resolution of its Motion to Dismiss for Lack of Jurisdiction.  [Dkt. 22.]  Garage Door Systems opposes that motion.  [Dkt. 28.]

## II. LEGAL STANDARD

District courts have inherent power to control their dockets and enjoy broad discretion in determining whether to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  "A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where requested discovery is unlikely to produce facts necessary to defeat the motion."  *Soares v. Meeks*, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021) (cleaned up).

The Court considers three factors when assessing a motion to stay:  "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court."  *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023).

## III. DISCUSSION

Blue Giant argues that a stay is necessary to protect the "broad federal policy in favor of arbitration which requires resolution of arbitrability issues before proceeding on the merits of the case" and to avoid wasting scarce judicial resources on a dispute that the Court may not have jurisdiction over.  [Dkt. 23 at 2.]  Blue Giant also argues (1) that Plaintiff will not be prejudiced because the requested stay is only until the motion to dismiss is decided, (2) that a stay will simplify and streamline the case since the motion to dismiss raises a threshold issue, and (3) that the burden on both Parties will be reduced by avoiding expensive and potentially needless discovery.  [*Id.* at 4.]

Garage Door Systems responds to each of Blue Giant's arguments in essentially the same fashion: discovery will occur either during arbitration or during litigation, such that a stay in this Court is not warranted. [*See* dkt. 28 at 3-4.] Garage Door Systems asserts that a stay would needlessly impede its "ability to develop and prosecute its case" and lengthen the litigation. [*See id.*] Blue Giant replies that the form and extent of discovery allowed by the federal rules varies meaningfully from arbitration procedures, such that discovery should only occur in the ultimate forum where this action will be litigated. [*See* dkt. 29 at 3.]

A stay of discovery may be warranted when there is a dispositive threshold issue, like jurisdiction, pending before the court. *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (citing *U.S. ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *7 (S.D. Ind. June 30, 2015)). A brief stay simplifies the issues before the court and generally does not prejudice the parties. *Ogungemi*, 2023 WL 2139834, at *2 (granting motion to stay pending resolution of defendant's motion to compel arbitration).

The Seventh Circuit instructs that "refusal to stay discovery on the merits of the [Plaintiff's] claims until the issue of arbitrability is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Granting a stay of discovery is important because "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do." *Id.* (collecting sources).

After reviewing the Parties' briefing in the pending motion, the Court agrees that a stay of discovery is warranted while the motion to dismiss remains pending. Blue Giant persuasively argues how the discovery procedures are different in federal court and arbitration proceedings, and failing to stay discovery may deny Blue Giant the intended benefits of arbitration: "efficiency, less

3

expense, less intrusive discovery, and the like[.]"  *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).  Accordingly, the Court finds that a stay will not unduly prejudice Garage Door Systems, will simplify the issues, and will avoid potentially excessive discovery.

The Court does have one practice pointer for counsel in this case:  Should Blue Giant face a similar procedural posture in a future case, it would be better suited to file a motion to stay ahead of the scheduled initial pretrial conference rather than waiting until the end of that conference to orally raise the issue.  Formally presenting the issue through a motion will ensure that all counsel and the Court are fully aware of Blue Giant's position and may address it promptly, perhaps even securing Blue Giant the result it wants in an expedited fashion.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Stay Discovery is **GRANTED**. [Dkt. 22.]  All discovery is **STAYED** pending resolution of the Defendant's Motion to Dismiss for Lack of Jurisdiction, [dkt. 16], which remains **UNDER ADVISEMENT**.  The Telephonic Status Conference currently set for May 23, 2024 is hereby **VACATED**.

**So ORDERED.**

Date: 4/15/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Richard T. Coyne
Dickie, McCamey & Chilcote, P.C
rcoyne@dmclaw.com

Jeffrey Thomas Criswell
Dickie, McCamey & Chilcote, P.C.
jcriswell@dmclaw.com

David F. Hansma
Clark Hill PLC
dhansma@clarkhill.com

Richard J. Silk, Jr.

4

Dickie, McCamey & Chilcote, P.C
rsilk@dmclaw.com